hYELVERTON, Judge.
The issue presented by this appeal is whether there is an exemption from Calca-sieu Parish School sales taxes applicable to water sold at a coin-operated vending machine and dispensed into the consumer’s own container. The trial court found that water sold in this manner was not subject to the local sales tax and ordered a refund of all taxes paid under protest. The Calcasieu Parish School Board appealed and we reverse.
|2FACTS
Gard Limited Liability Company, d/b/a Watermill Express (Watermill Express) sells water through a coin-operated vending machine. Watermill Express purchases the water from the City of Lake Charles. The city delivers the water to the vending machine through a water line. The water piped to the ■ vending machine is filtered through a filtration system in the vending machine. The filtered water is then stored in a 550 gallon storage tank within the vending machine until sold.
To purchase the filtered water, a vendee must deposit coins in a coin slot on the vending machine. The price for the filtered water is .25 per gallon or $1 for five gallons. Triggered by the deposit of coins into the slot, the vending machine dispenses a metered volume of the filtered water out of a spout. Vendees must bring and use their own container to catch and hold the filtered water as it is dispensed from the spout.
Watermill Express pays state sales taxes on its purchases of water from the City of Lake Charles. In the present case Watermill Express paid, under protest, sales taxes assessed by the Calcasieu Parish School Board. Watermill Express then filed this *11 lawsuit against the School Board to recover the disputed sales tax claiming its sale of water was exempt. Both Watermill Express and the School Board filed motions for summary judgment. After a hearing, the trial court granted Watermill Express’ motion for summary judgment finding that the sale of water by Watermill Express was exempt from the School Board sales tax. It then ordered a refund of the sales tax paid under protest.
^OPINION
The School Board is authorized to levy and collect sales taxes upon the sale at retail of tangible personal property pursuant to La. Const, art. VI, § 29 and La.R.S. 33:2737. Although the Calcasieu Parish School Board Ordinances at issue were not in evidence in the record, we take judicial notice of these ordinances pursuant to La.Code Evid. art. 202(A). Calcasieu Parish School Board Ordinance § 2.01 mimics La.R.S. 47:302 and levies “a tax upon the sale at retail, the use, the consumption, the distribution and the storage for use or consumption in the Parish of each item or article of tangible personal proper-ty_” Further, La.R.S. 33:2737(C) provides that local taxes “shall be collected at the same time and in the same manner and pursuant to the definitions, practices and procedures set forth in R.S. 47:301 through 47:317.”
Watermill Express claims that the water it sells is exempt from the local sales tax pursuant to Calcasieu Parish School Board Ordinance § 5.01(D)(1)(c) which mirrors the state sales tax exemption at La.R.S. 47:305(D)(l)(e). Both provide that the sale at retail of “[wjater (not including mineral water or carbonated water or any water put in bottles, jugs, or containers, all of which are not exempted)” is specifically exempted from the tax.
The exemption obviously does not apply to water put in a bottle, jug, or other container. Watermill Express argues that its water is not put in a bottle, jug, or other container but is dispensed free-flowing from a spout. The consumer is responsible for bringing his own container to catch the water. The School Board argues that the exemption does not state who must put the water in the container but |4only that it must be put in a container. The School Board argues that the exemption does not apply to water which must be carried from the point of sale in a container.
Exemption from taxation, which is an exceptional privilege, must be clearly, unequivocally, and affirmatively established and should be strictly construed against the taxpayer. Louisiana Power & Light v. Parish Sch. Bd., 597 So.2d 578 (La.App. 5 Cir.), writ denied, 604 So.2d 1316 (La.1992).
Strictly construing the exemption and the language which excepts water that is placed in a container from the exemption, we find that the sale of water by Watermill Express is subject to the sales tax imposed by the School Board. The fact that Watermill Express does not directly place the water in a container itself makes no difference. In order for the water to be consumed as contemplated by Watermill Express, the water must be placed in a container. Requiring the consumer to furnish his own container does not allow Watermill Express to take advantage of an exemption that would not otherwise apply to someone who sells filtered water for consumption to consumers and provides the container. Watermill Express cannot circumvent the sales tax by not providing a container.
Therefore, the judgment of the trial court granting Watermill Express’ motion for summary judgment is reversed. We grant the Calcasieu Parish School Board’s motion for summary judgment and find that any monies paid by Gard Limited Liability Company d/b/a Watermill Express for tax periods beginning July 1994 are justly owed and no refund is required.
Costs of this appeal are assessed to Gard Limited Liability Company d/b/a Watermill Express.
REVERSED AND RENDERED.